IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-03265-CNS

RAFAEL GUZMAN TORRES,

      Petitioner,

v.

JUAN BALTAZAR, Denver Contract Detention Facility, U.S. Immigration and Customs Enforcement;
GEORGE VALDEZ, Acting Field Officer, Denver Field Office, U.S. Immigration and Customs Enforcement;
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; and
Todd Blanche, Acting United States Attorney General,

      Respondents.[1]

---

**ORDER**

---

Before the Court is Petitioner's habeas petition, ECF No. 1, and Respondents' response to it, ECF No. 11. Petitioner, proceeding pro se, seeks immediate release on the grounds that his detention is unconstitutional, particularly where there is no evidence that he is a "flight risk or [that he] pose[s] a danger to the community." ECF No. 1 at 2 (citation modified); *id.* at 22. Respondents contend that Petitioner is detained under 8 U.S.C. § 1226(a) and has received a bond hearing under the statute, *see* ECF No. 11 at

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants George Valudez and David J. Venturella are automatically substituted as parties in their official capacities.

2, at which an immigration judge (IJ) denied bond. Therefore, Respondents argue that the petition should be denied because his detention is lawful. *See id.*

Having reviewed the parties' arguments, the relevant legal authority, and the IJ's bond order submitted by Respondents, *see generally* ECF No. 11-1, the Court GRANTS the petition.

Contrary to Respondents' argument, the issue is not whether Petitioner received a bond hearing, but whether the process that Petitioner received at that hearing was adequate. *See, e.g., Lopez v. Paulk*, No. 7:26–CV–00029–WLS–ALS, --- F. Supp. 3d ----, 2026 WL 961948, at *5 (M.D. Ga. Apr. 6, 2026). And while the Court cannot engage in appellate review of an IJ's discretionary detention determinations, *see, e.g., Mejia v. Baltazar*, No. 26–cv–00385–NYW–TPO, 2026 WL 1361514, at *1 (D. Colo. May 15, 2026), "[w]hether [a petitioner] received the due process to which he was entitled is not a matter of discretion' and is subject to judicial review," *id.* (citation modified). *See also Castillo v. Field Off. Dir. of Enf't & Removal Operations, Miami, Field Off., Immigr. & Customs Enf't*, No. 25–25296–CV, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) (collecting cases). Thus, the Court can "review the nature and structure of [an IJ's] opinion for the minimal indicia of due process." *Lopez*, 2026 WL 961948, at *5.  And, in the context of § 1226(a) bond hearings, due process requires the government to "establish that continued detention is justified by clear and convincing evidence." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024).

The IJ in this case violated Petitioner's due process rights by failing to hold the government to its burden of proof of showing that Petitioner's continued detention was

proper by clear and convincing evidence. Liberally construing the petition, as the Court must, the Court agrees with Petitioner that there is an insufficient showing of his flight risk or danger to the community to justify his continued detention under this governing burden. *See* ECF No. 1 at 2. The IJ found the following:

> [Petitioner] has no criminal history and no known history of failing to appear for any court proceeding. He testified that he has been employed as a driver for Uber and Lyft, possesses a valid driver's license, attends church, has worked and paid taxes, and has known his proposed sponsor for approximately three years. [Petitioner] also testified that he has filed federal tax returns since 2023.

ECF No. 11-1 at 2. *See also id.* at 3 (setting forth the same facts). However, the IJ concluded, despite these "favorable equities," *id.* at 2, that Petitioner did not file his asylum application within a year of arriving to the United States, and that the "substantial likelihood of receiving a final order of removal . . . significantly increases the incentive not to appear for future proceedings or to comply with a final removal order," *id.* at 3, and therefore that the "favorable equities" did not "sufficiently mitigate the significant flight-risk concerns," *id.* The IJ also found that Petitioner had no immediate family members, which favored continued detention. *See id.* In other words, the likelihood of receiving a final order of removal on the *merits* of Petitioner's immigration claim, without any immediate family ties, outweighed the absence of any criminal history or history of failing to appear as a matter of his *bond* determination.

The problem with this analysis is that it did not mention the applicable bond determination burden: "Bond proceedings require the Court to evaluate whether Respondent is likely to appear for future proceedings and comply with any final order that may be entered." ECF No. 11-1 at 2; *see also id.* at 3 ("This circumstance significantly

increases the incentive not to appear for future proceedings or to comply with a final removal order."). There is no indication that the IJ placed the burden, or any burden, on the government *at all*. *See Mejia*, 2026 WL 1361514, at *2 (concluding IJ violated petitioner's due process rights where there was "no indication . . . that the IJ applied this applicable standard of proof—or even placed any burden on the Government at all"); *id.* at *3 ("[T]he written order does not mention the clear and convincing evidence standard."). And this is important, given that "[t]o prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia*, 2026 WL 1361514, at *2 (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). At bottom, bond proceedings require IJs to determine whether the government has met its burden of establishing that "continued detention is justified by *clear and convincing evidence*," *L.G.*, 744 F. Supp. 3d at 1186 (emphasis added), not whether a petitioner is "*likely to appear* for future proceedings and comply with any final order that *may* be entered," ECF No. 11-1 at 2 (emphases added). *Barreno v. Baltasar*, No. 25–cv–03017–GPG–TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025).

Accordingly, the Court agrees with Petitioner that, providing his petition with a liberal construction, *see* ECF No. 1 at 2, the IJ did not adequately set forth and show that the government bore the burden of proving by clear and convincing evidence Petitioner was such a risk or danger during the bond hearing, and thus that his continued detention amounts to a violation of his constitutional rights, *see id. See also Mejia*, 2026 WL 1361514, at *3 ("[A] noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge simply did not apply the correct

4

standard to the facts." (citation modified)).[2] The Court notes that Respondents do not argue the IJ held the government to its burden in making her findings. *Cf.* ECF No. 11 at 2.

Having determined that Petitioner's bond hearing was constitutionally inadequate, the Court must determine the appropriate remedy. Rather than a second bond hearing, release is the appropriate remedy. *See, e.g., Quiroz Zacarias v. Mullin*, No. 26–cv–0574–WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (explaining propriety of release over second bond hearing where initial bond hearing was constitutionally infirm).[3]

\* \* \*

Consistent with the above analysis, the Court GRANTS Petitioner's habeas petition, ECF No. 1. It is ORDERED that Respondents shall release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents SHALL FILE a status report within TWO DAYS of this Order to certify compliance. Respondents are further ENJOINED AND

---

[2] The Court is sensitive to the fact that it cannot act as Petitioner's advocate. *See, e.g., Lansky v. Lengerich*, 699 F. App'x 793, 793 n.1 (10th Cir. 2017). However, Petitioner argues that he has not seen an IJ to "redetermine [his] custody." ECF No. 1 at 2. Giving this argument a liberal construction, Petitioner necessarily argues that his *initial* custody determination demands reconsideration because his *initial* determination was unconstitutional—in his words, "violate[d] [his] constitutional rights." *Id.* Thus, Petitioner, proceeding pro se, has sufficiently argued that the IJ's bond hearing was unconstitutional, not merely that the Court should reweigh the IJ's factual findings or engage in appellate review of the IJ's discretionary findings.

[3] Although many cases ordering immediate release arise in the context of petitioners' seeking enforcement of courts' prior habeas orders, *see, e.g., Diaz v. Mattos*, No. 2:26–cv–00926–RFB–BNW, 2026 WL 1270816, at *7 (D. Nev. May 9, 2026), this is an immaterial procedural distinction. Courts may grant habeas relief in the first instance based on an IJ's constitutionally infirm bond hearing, whether that relief comes in the form of a second bond hearing or immediate release. *See, e.g., Barreno*, 2025 WL 3190936, at *4.

RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 6th day of August 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge